(84 South. 489)

No. 22433.

**SPILLMAN v. Succession of SPILLMAN.**

(Jan. 7, 1920. On Rehearing May 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** ⊙══221(6)— Checks given to deceased husband do not corroborate plaintiff's testimony of loans.

Where the evidence showed that considerable sums of money frequently passed between the parties, checks given by the wife to her husband for various amounts at different times do not corroborate her testimony that they were for loans made to her husband.

On Rehearing.

2. **Executors and administrators** ⊙══221(6)— Evidence held not to corroborate testimony that checks to pay husband's debts were loans.

Check drawn by a wife and delivered to creditors of her husband in payment of claims against him do not corroborate her testimony that the amounts thereof were loaned by her to him.

3. **Executors and administrators** ⊙══221(4)— In statute requiring testimony against deceased to be corroborated or action brought within year, "or" means "and."

Within Act No. 207 of 1906, making parol evidence incompetent to prove a debt against deceased unless consisting of one credible witness besides plaintiff or corroborating written promises by debtor, "or" unless action be brought within 12 months after the decease, the last "or" may be construed to mean "and,"

since those words are frequently used interchangeably in statutes, so that plaintiff's testimony must be corroborated, though the action was brought within 12 months after the debtor's decease.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Or.]

Provosty, J., dissenting in part.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Mrs. Jessie Spillman, widow of Henry Spillman, against the Succession of Henry Spillman. Judgment for defendant, and plaintiff appeals. Affirmed on rehearing.

James B. Rosser, Jr., of New Orleans, for appellant.

Lazarus, Michel & Lazarus and Herbert S. Weil, all of New Orleans, for appellee, Mrs. Eloise Spillman.

PROVOSTY, J. Plaintiff sues the succession of her deceased husband for $5,837.42, which she claims she lent him in divers sums at different times. While the suit is nominally against the succession as represented by the testamentary executrix, sister of the decedent, it is in reality against this sister of the decedent, who is his universal legatee.

The plaintiff and the decedent were paramours for several years before their marriage, which took place about a year after the decedent had had a second stroke of apoplexy, from which he never recovered. He died in 1915, about three years after the marriage. Plaintiff was keeper of a bagnio. The decedent made money in divers ways, among others, by running slot machines and leasing pianos. About a year before his death plaintiff brought suit for his interdiction. His love for her had changed to hate, and he had left her, and was living under the care of his sister. Such a change of feeling towards the person most loved is, it seems, a not uncommon concomitant of the malady from which he suffered.

[1] Plaintiff testifies to the loans having been made; and seeks to corroborate her testimony by producing 21 checks drawn by her and which were duly cashed. Nineteen of them are to the order of the decedent. One of these, for $30, was given in 1908. Two, for $47 and $100, were given in 1909. Two in 1910 for $100 and $44. One for $182 in 1913. The others were given in 1912. The evidence shows that considerable sums of money passed frequently between the parties, and that at one time plaintiff was indebted to the decedent in more than $6,000 for real estate bought from him, so that these checks, as likely as not, were given by way of payments instead of by way of loans, and hence do not afford sufficient corroboration in a suit against a dead man.

One of the 21 checks, however, of $500, was given to the physician who attended the decedent in payment of his fee, and another, for $335, was given to an auctioneer, from whom the decedent had bought a piece of real estate, to cover the cash deposit. These were given in 1912. They unquestionably represent money of plaintiff paid to a third person for account of the decedent; and nothing shows that they were not given by way of a loan, as testified to by plaintiff. For these two amounts, plaintiff is entitled to judgment.

Act 207, p. 361, of 1906, provides, as follows:

"That from and after the promulgation of this act, parol evidence shall be incompetent to prove any debt or liability upon the part of a party deceased, except it consist of the testimony of at least one credible witness of good moral character besides the plaintiff; or except it be to corroborate a written acknowledgment or promise to pay signed by the debtor; or unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor."

This act does not apply to this case for two reasons: One, that, apparently, it does not have application to the testimony of a plaintiff, but only to witnesses other than plaintiff; and, second, that this suit was filed "within a delay of twelve months after the decease of the debtor."

The suit was rejected below in toto. For the purpose of recasting, the judgment is set aside entirely.

It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiff, Mrs. Jessie Spillman, have judgment against the Succession of Henry Spillman in the sum of $835, with 5 per cent. per annum interest thereon from judicial demand, June 2, 1915, and the costs of both courts, and that in all other respects the present demand of the said plaintiff be rejected.

### On Rehearing.

SOMMERVILLE, J. [2] A reconsideration of the evidence in this case has led to the conclusion that the two items of loan sued for by plaintiff, and allowed by the court in the former opinion, should be rejected for the same reasons that the other 18 items were rejected.

Plaintiff's claim is based on 20 alleged loans made by her to the deceased, Henry Spillman, during the years 1908 to 1913, inclusive. The demand is a stale one; and it should have been supported by the strongest evidence against Henry Spillman, who died in the year 1915.

Plaintiff testified that she alone knew of the alleged loans; that she had told no one about them, and that she had made no demand on Spillman during his lifetime for any return to her whatever. The two amounts paid to Dr. John Callan and Albert Paul, now deceased, by checks of the plaintiff for account of Spillman, were not shown to be loans. On the contrary, Dr. Callan and the son of Albert Paul testified that they did not know whose money had been paid to them, and that plaintiff had not

told them that she was making loans to Spillman. There was therefore no proof, except the parol evidence of plaintiff herself, that these two items had been loans to the deceased.

[3] Act 207, 1906, p. 361, is entitled:

"An act to limit the admissibility of parol evidence to prove any debt or liability of a party ·deceased."

And it is provided therein:

"That from and after the promulgation of this act, parol evidence shall be incompetent to prove any debt or liability upon the part of a party deceased, except it consist of the testimony of at least one credible witness of good moral character besides the plaintiff; or except it be to corroborate a written acknowledgment or promise to pay signed by the debtor; or [and] unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor."

We have inserted the word "and" in brackets after the last "or" appearing in the act, for the reason that the words are interchangeable in a large degree, particularly by those who are not careful in their choice of language.

It is said in 6 Words and Phrases, p. 5002, with reference to "or" and "and":

"Their strict meaning is more readily departed from than that of other words."

In that same volume are found numerous references where the word "and" has been construed to mean "or," and vice versa, in constitutional provisions, statutes, deeds, contracts, etc.

"In the construction of statutes, it is the duty of the court to ascertain the clear intention of the Legislature. In order to do this, courts are often compelled to construe 'or' as meaning 'and,' and again 'and' as meaning 'or.'" U. S. v. Fisk, 70 U. S. (3 Wall.) 445, 447 (18 L. Ed. 243).

Plaintiff brought her action within a delay of 12 months after the death of Henry Spillman, which occurred May 26, 1915; and this suit was filed against his succession June 2, 1915.

But plaintiff's testimony was not corroborated by "at least one credible witness of good moral character besides the· plaintiff," and her oral testimony did not "corroborate a written acknowledgment or promise to pay signed by the debtor."

The judgment rejecting plaintiff's demand was correct; and it is affirmed, with costs.

O'NIELL, J., concurs in the decree.

PROVOSTY, J., dissents.