On Rehearing.
O’NIELL, J.
On reconsideration of this case, we have concluded that the claim of $5,000 as a debt due to the succession of William J. Manion, deceased, should not be allowed. Our conclusion rests not upon a lack *103 of worthiness of the testimony of the executor, but upon the incompetency of parol evidence in this case.
The document, purporting to bear the signature of the deceased, Martin Manion, on which the executor proposes to pay $5,000 to the succession of his deceased brother, William J. Manion, is in the following words and figures, viz.:
“5,000.00 of this amount is the property of William J. Manion, or its equivalent of 5,000.00 value as quoted or its worth in the open market of five shares Little Rock R. R.”
[2,3] If the testimony of the executor should be eliminated, there is no evidence before us except the written instrument supposed to have been signed by the deceased. Though it be conceded that the signature is .genuine, the document alone does not prove an indebtedness of $5,000, or any indebtedness, for that matter; because there is nothing in the instrument to indicate whether.it is dollars or shares of stock, or what it is, of which 5,000, or its value or equivalent, “is the property of Wm. J. Manion.”
Act No. 207 of 1906, p. 861, declares:
“That from and after the promulgation of this act, parol evidence shall be incompetent to prove any debt or liability upon the part of a party deceased, except it consist of the testimony of at least one credible witness of good moral character besides the plaintiff; or except it be to corroborate a written acknowledgment or promise to pay signed by the debtor; or unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor.”
In the case of Spillman v. Spillman, 147 La. 47, 84 South. 489, on rehearing, construing the statute of 1906, we held that, even though the action on the asserted indebtedness was brought within the delay of 12 months, parol evidence was incompetent to support the claim, unless such evidence consisted of the testimony of a credible witness of good moral character, besides the plaintiff, or was offered to corroborate a written acknowledgment or promise to pay signed by the deceased. On the same principle, we must hold that, if the claim has not been asserted, or the action brought, within the delay of 12 months, parol evidence is incompetent, even though it be the testimony of a credible witness of good moral character besides the plaintiff, or be offered to corroborate a written acknowledgment or promise to pay signed by the deceased.
The writer of this opinion concurred in the decree rendered in the case of' Spillman v. Spillman, but not in the opinion that the expression, in the Act 207 of 1906, “or unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months,” must be read as if it were “and unless an action,” etc. An analysis of the language of the statute shows that the use of the word “or,” instead of “and,” was only a matter of style of expression. The word “or” is used because the expression is an affirmative, not a negative, expression. What the statute says is that parol evidence shall be excluded in either one or the other event; i. e., either if the parol evidence be not of one of the two classes mentioned, or if the action be not brought within the year. We are informed by the precise language of the title of the act that its object or purpose is “to limit the admissibility of parol evidence to prove any debt or liability of a party deceased.” We would absolutely prevent the accomplishment of that object or purpose, if we should construe the law as meaning that the admissibility and competency of parol evidence shall be “unlimited” to prove a debt or liability of a person deceased, provided “an action on the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor.” Such a construction would actually facilitate the proving of a debt against a deceased person, by parol evidence. It would make parol evidence admissible and *105 competent to prove a contractual obligation exceeding five hundred dollars, against a person deceased, although such evidence might not be competent to prove such an obligation against a living person; for article 2277 of the Civil Code declares that—
“Contracts or agreements above five hundred dollars in value, must be proved at least by one credible witness, and • other corroborating circumstances.”
Although the use of the word “and” instead of the word “or,” in the third proviso of the Act 207 of 1906, might have been more appropriate, we are sure of the meaning of the law; and we would not be justified in construing it so as to give it an effect contrary to that which the Legislature intended it to have.
Appellant pleads that the Act No. 207 of 1906, if construed to be a statute of limitation or prescription against the admissibility or competency of parol evidence, would be broader or more comprehensive in its text than in its title, and would therefore be violative of article 31 of the Constitution. But we do not find it so. The title of the act is “to limit the admissibility of parol evidence to prove any debt or liability of a party deceased.” One of the so-called limits put upon the admissibility or competency of parol evidence, in the text of the act, is that the action shall have been brought within a delay of 12 months after the death of the debt- or. Such a limitation is not contrary to or beyond the object expressed in the title of the statute.
In this ease, no action was brought on the asserted indebtedness within the year. Therefore parol evidence was incompetent, ,even though it was the testimony of a credible witness of good moral character, other than the plaintiff or claimant, and even though its purpose was to corroborate what purported to be a written acknowledgment signed by the deceased.
The judgment appealed from, rejecting the claim of the succession of William J. Manion, deceased, is affirmed, at appellant’s cost.
DAWKINS, J., concurs in the decree.
See dissenting opinion of PROVOSTY, J., 86 South. 669.