AYRES, Judge.
This is an action upon an assignment of a claim for attorney’s fees. The facts material to the claim may be briefly stated. Plaintiff’s assignors, Lucy I. Thorsell, Esther T. Wakeman and Sarah R. Keller, who, together with James W. “Jbnmie” Thompson and Clara B. O’Pry Trust Estate as owners of certain commercial property in Alexandria, Louisiana, executed a lease thereon June 16, 1954, to John P. Rush for a period of two years for a stipulated monthly rental of $500 payable monthly in advance. Plaintiff’s assignors and Thompson subsequently acquired the interest of the Trust Estate in the premises, which was then owned by them in the proportion of an undivided one-fourth interest each.
The lease contained an acceleration clause. Thus, it was stipulated that on lessee’s failure to pay two consecutive installments of rent, the lessors had the option of canceling the lease entirely or of accelerating or maturing all future installments of rent. The two installments for the months of September and October, 1955, being past due, plaintiff was employed to enforce collection. Pursuant to his employment, he gave written notice to lessee October 3, 1955, of his delinquency in payments, as well as notice of lessors’ election to accelerate and mature all monthly installments of rent, coupled with a demand for payment. The lease stipulated an attorney’s fee of 15 percent of the amount due in the event it became necessary to employ an attorney to enforce any of the terms of the lease.
Following the aforesaid demand for payment, a verbal agreement is recited to have been entered into between lessors and lessee whereby lessee would pay the attorney’s fee and the rent for the aforesaid months of September and October; that the maturity of all future installments of rent would be recognized and continued in full force and effect, and that lessee would make payments thereon until the whole was paid. Pending the making of these payments, plaintiff was assigned on February 8, 1956, by the aforesaid assignors, their three-fourths interest in and to the attorney’s fee, which amounted to $562.50. This *504 he seeks to recover in this suit. Thompson joined plaintiff in his petition and disclaimed on his own behalf any claim for attorney’s fee. Subsequent to the assignment, the remainder of the rent was paid and the indebtedness entirely extinguished except as to the attorney’s fee, which was alleged to be due plaintiff by virtue of his aforesaid employment.
The trial court held that the attorney’s fee sued upon, when assigned, was a part of an indivisible obligation, and, notwithstanding that prior to the institution of this action, the whole of the obligation had been paid, other than the attorney’s fee, the effect of the assignment of such fee was an attempted prohibited division of an indivisible obligation to which the debtor had not consented. Accordingly, defendant’s exception of no cause and of no right of action was sustained.
From the judgment thus rendered and signed dismissing plaintiff’s demands, plaintiff appealed.
Plaintiff’s original and amended petitions disclose these facts: (1) That on February 8, 1956, the lessee owed lessors the covenanted attorney’s fee, as well as rent, and that, as of that time, the assignment was for a part of the debt, but (2) that, as of the time of the institution of this action, the only remaining obligation of the lessee under the aforesaid lease, or the alleged agreement subsequently entered into, was the attorney’s fee, which, although originally constituting only a part of' lessee’s obligation, had become at the time the entire unpaid portion thereof.
Decisive of the issues presented for determination is the question whether a partial assignment, or subrogation, of an indivisible obligation, executed without the express consent of the debtor, is null and void ab initio, or valid, as between the assignor and assignee, but merely unenforcible so long as the assignment represents a portion of the obligation or until it represents the entire and sole remaining obligation.
Defendant contends that the effect of the prohibition of a partial assignment of an indivisible obligation, without the debtor’s express consent, extends as well to the assignor and assignee, and renders invalid and ineffective, even as between them, any partial assignment. In support of this contention, LSA-C.C. Arts. 2109, 2111 and 2153 are relied upon. The first of these provides that an obligation is indivisible, even though the thing or fact which is the object of it may be by its nature divisible, if the light in which it is considered does not admit of its being partially executed; the second of these articles provides that an obligation susceptible of division must be executed between the creditor and the debtor as though it were indivisible, and the third provides that the creditor cannot be obliged by the debtor to receive in part the payment of a debt, even if it is a divisible obligation.
The jurisprudence has followed these Codal provisions, and, hence, a general rule of law has been established that a debt cannot be divided by the creditor and partially assigned without the debtor’s consent so as to subject the debtor to separate actions. The debtor is entitled to discharge his obligation as an entirety and according to his agreement. No debtor is, therefore, bound to pay a debt by portions, and it follows as a corollary that no partial transfer can be made by a creditor so as to be binding upon the debtor without the debtor’s express consent. Miller v. Brigot, 8 La. 533.
In Cantrelle v. Le Goaster, 3 Rob. 432, it was clearly stated:
“The question presented for our decision, can hardly be considered as an open one in this court. In accordance with the soundest principles of law, as well as of reason and equity, we have always held that a debt, as between creditor and debtor, is indivisible without the consent of both; and that, consequently, a debtor cannot be compelled to pay his debt to a number of transferrees, among whom it may *505 have suited the interest or convenience of his creditor to divide it. If he have any legal or equitable defence to set up against the claim, he is not to be subjected to the trouble and expense of litigating his rights with a number of persons, and in different courts. The provisions of the Code relied on by appellee’s counsel, and to be found in the chapter which treats of the assignment and transfer of debts, must be understood as applying only to entire debts rights, and claims; and cannot be made to interfere with another express enactment in the same work, which declares that an obligation, susceptible of division, must be executed between the creditor and the debtor, as though it were indivisible. If a creditor cannot claim the payment of a debt by portions, it is clear that transferrees, claiming under him, cannot exercise such a right.” (Emphasis supplied.)
To the same effect are the later decisions of Salter v. Walsworth, La.App., 167 So. 494; Thompson v. Kivett & Reel, Inc., La. App., 25 So.2d 124; Stein v. Williams Lumber Co., La.App., 36 So.2d 62; Marmol v. Wright, La.App., 62 So.2d 528.
The reason or basis of this principle as to partial assignment of an obligation is that a debtor has a right to stand upon the contract with his creditor as originally made and to pay the debt as a whole. The creditor should not be allowed to divide an obligation to pay him a stated sum of money into fragments and assign them to different persons, thereby subjecting the debtor to the necessity of defending more than one suit for the same cause of action in the event he has a defense to the contract as originally made. Therefore, if a partial assignment is given effect, the debtor would be deprived of the right to pay his debt as a whole and in its entirety and would be subjected to the risk of many actions, embarrassments and responsibilities not contemplated in his original contract.
None of these reasons, however, exist as to the assignment of the whole or the entirety of an obligation; neither is the consent of the debtor required, for otherwise all transfers or assignments of obligations would be dependent upon the will of the debtor.
Although a partial assignment of an obligation remains unenforcible against a debtor who has not expressly consented to the assignment, we are convinced that, as between the creditor and the assignee, the assignment is valid, but its enforcement by the assignee is suspended until the occurrence of an event rendering it enforcible, such as by the debtor’s consent to the assignment or when the assignment ceases to represent only a part of the obligation. For instance, in Marmol v. Wright, supra, 62 So.2d 528, 531, the court stated:
"The interesting question which is before us arises whenever the debtor, notified of the partial assignment does nothing to indicate his consent or his refusal to consent to such assignment. In what position does this place the original creditor and the assignee of the original creditor? As between them, the creditor and the assignee, the assignment is valid and binding whatever position the debtor may take when suit is brought against him.” (Emphasis supplied.)
Even in the quotation from Cantrelle v. Le Goaster, supra, 3 Rob. 432, it was emphasized that—
“In accordance with the soundest principles of law, as well as of reason and equity, we have always held that a debt, as between creditor and debtor, is indivisible without the consent of both; * * (Emphasis supplied.)
It was held in Stein v. Williams Lumber Co., supra, that the effects of the sub-rogation as between plaintiff and subrogee was a matter to be regulated between themselves and of no concern of defendants.
*506 The cases relied upon are authority for the proposition that a partial assignment is unenforcible as against the debtor without his express consent and, as a consequence and as to him, the assignment is invalid, but those cases are not authority for the proposition that a partial assignment as between the assignor and assignee is invalid. We have been cited no authorities that would support that view. The gist of the holding of the cited authorities is that a partial assignment is not enforcible against the debtor without his consent, so long as he can be subjected to a multiplicity of suits, and not that the assignment is invalid, null and void, as between the contracting parties to the assignment.
The relationship of assignor and as-signee, or subrogor and subrogee, often arises between an insurer and insured wherein the insurer becomes assignee, or subrogee, by operation of law or by conventional agreement, to a fractional interest or a fixed amount or part of the claim. These principles are discussed and authorities cited in Ayres v. Wyatt, La.App., 185 So. 84.
The conclusion is, therefore, that, as between the assignor and assignee, the assignment was valid. This is in accord with Restatement of the Law on Contracts, Section 156, which reads as follows:
“An assignment of either a fractional part of a single and entire right against an obligor, or of a stated amount from such a right, is operative as to that part or amount to the same extent and in the same manner as if the part had been a separate right, subject to the limitation that if the ob-ligor has not contracted to make such a partial performance no legal proceeding can be maintained by such an as-signee against the obligor over his objection, unless all persons having collectively a right to the entire performance are joined in the proceeding.”
And, this is true whether the transaction contemplated the enforcement of the whole of the obligation by the assignor against the debtor and the delivery of the as-signee’s portion to him, or contemplated the enforcement by the assignee, with the right to retain for himself the portion assigned and deliver the remainder to the assignor.
Moreover, at the time the assignee instituted this action on the assignment, the assignment covered the whole of the lessee’s obligation. Therefore, the reasons or grounds rendering a partial assignment un-enforcible as to a non-consenting debtor no longer exist. The obligor has not been deprived of any defense which he may have had against the original lessors, nor is he or his heirs subjected to a multiplicity of actions. After the payment of the rent, the lessee was no longer indebted to lessors— his only remaining obligation was the attorney’s fee assigned plaintiff. The debt- or’s consent so as to make the claim en-forcible against him was no longer a prerequisite.
Defendant further complains that under plaintiff’s pleadings it is not shown that the rent was accelerated when only three of the four owners of the leased premises made such election under the terms of the lease. The question posed is academic, inasmuch as whether the rent was accelerated or not, the rent has been paid, and there is no question of plaintiff’s employment by three of these four lessors — the fourth joining plaintiff and disclaiming any attorney's fee, probably for the reason that he had employed no attorney and was not entitled to such fee. But, whatever the reason of his disclaimer, that is a matter between him and lessee and of no concern of plaintiff. Neither could such disclaimer prejudice or affect plaintiff’s claim.
The exception of no right of action, of course, has no application to the facts as alleged. In no event could it be said an assignee of a part of a debt is without a right of action. He is not without interest to prosecute his claim.
*507 The petition, for the reasons stated, discloses a cause of action and, accordingly, the judgment sustaining both exceptions is reversed, and it is now ordered, adjudged and decreed that the exceptions be and they are hereby overruled, and this cause is remanded to The Honorable the Ninth Judicial District Court in and for Rapides Parish, Louisiana, for further proceedings according to law and consistent with the views herein expressed. The appellee is assessed with the costs of this appeal; all other costs are to await final determination of this cause.
Reversed and remanded.