GLADNEY, Judge.
This suit is for the collection of attorney’s fees and the appeal to this court marks the second time the controversy has been before us. On the first occasion we remanded the cause for further proceedings after overruling an exception of no cause and no right of action that had been sustained by the trial court. The decision is reported in La.App., 99 So.2d 502. The present appeal by the defendant followed a judgment in favor of plaintiff.
The circumstances that resulted in the institution of this action are relatively free from doubt. The owners of certain commercial property in Alexandria, Louisiana, on June 16, 1954, in writing leased the property to John P. Rush for a term of two years beginning August 1, 1954, with rent of $500 per month, payable in advance. The contract contained inter alia the following provisions :
“It is hereby agreed and understood that the failure of Lessee to pay at any one time when due any two (2) monthly rental payments, shall operate as a cancellation of this lease at the option of Lessors, or shall cause all of said rental installments to become due and exigible, as though matured by the lapse of time, at the option of Lessors; and no formal putting in default or notice to vacate shall be deemed necessary, the same being expressly waived and on cancellation of the lease the Lessors shall be entitled to demand and receive the immediate possession of said leased premises.
‡ ‡ % ¡fc s{i ^
“In the event it becomes necessary for the Lessors to employ an attorney at law to enforce any of the conditions and obligations of this lease, whether or not suit is filed, Lessee obligates himself to pay such fees in the sum of fifteen (15) per cent of the amount due, or a reasonable fee if no monetary obligation is involved.”
Ownership of the leased premises was vested in Lucy I. Thorsell, Esther T. Wake-man and Sarah R. Keller, who held three-fourths interest and James W. Thompson. The three parties first named executed on October 29-30, 1954, a contract of agency empowering the plaintiff to manage their interests in connection with the property. Thompson separately managed his interest therein. During 1955 the lessee found it more and more difficult to promptly pay his rent and after March plaintiff was obliged to make repeated demands upon Rush to pay the rental promptly. Finally, on October 1, 1955, the rent for September and October became delinquent and the following letter was written:
“John P. Rush October 3, 1955 “City
“re: Bolton Ave. Bldg.
“I have repeatedly warned you about your arrearage in rent and have had to telephone you for the past six or eight months in order to get our rent.
“This is notice to you that the balance of the rent due under the contract is now declared due and payable, plus 15% attorney’s fee and 8% from this date. This only covers the rent due Mrs. Thorsell and me, as agent for Esther T. Wakeman and Sarah R. Keller.
“Yours truly,
“/s/ Camden K. Staples Agent.”
*39 Upon receipt of this letter Rush contacted plaintiff and an agreement was reached as reflected in plaintiff’s letter to Rush dated January 6, 1956, of which the following is an excerpt:
“John P. Rush January 6, 1956
“City
“Re: Attorney’s fee, etc.
“On October 3, 1955, I wrote you giving you notice that the entire balance of the rent due under the contract was on that date declared due and payable, plus the 15% attorney’s fee stipulated in the contract of lease, together with 8% interest on the rent balance from that date. That declaration covered only the interests of Mrs. J. I. Thorsell, et ais and not Jimmie Thompson.
“Upon .receipt of that letter you ’phoned me and I finally agreed to allow you to catch up on your arrear-ages and meet subsequent rent payments promptly, without in any way relinquishing our right to file suit on the declared balance at any time you failed to meet the monthly payments. My attorney’s fee was not relinquished and on October 12 I wrote you about the fee of $562.50. Not hearing from you I again wrote you on November 10th. and 25th. On December 9 I wrote you that after my telephone conversation with you, I would cut my fee to $450.00 etc. giving you until January 5, 1956 to start paying $75.00 monthly thereon.
“You stated over the telephone on the 4th that you could not pay anything on my fee and that I would have to go ahead and sue you. Since you have taken that position you can be sure suit will be filed unless an agreement is reached. * * * ”
The record indicates that by October 17, 1955, the monthly payments of rent were made current and thereafter kept so for the rest of the term of the lease. However, repeated letters from the plaintiff written in October, November, December, 1955 and January 1956, failed to secure payment of the attorney’s fees.
On February 14, 1956, plaintiff brought suit against John P. Rush, the lessee, who, at that time, was living. Exceptions of no cause and no right of action were sustained by the trial court and the suit was dismissed as of nonsuit. The instant suit was filed October 20, 1956, against Eugenia P. Rush, the surviving widow of John P. Rush. James W. Thompson, the owner of one-fourth interest in the leased property appeared as party plaintiff in the suit to disclaim any interest in the matter under litigation, asserting the defendant was not indebted to him. The obligation sued upon is evidenced by an instrument assigning to plaintiff three-fourths of the attorney’s fees and is executed by all lessors save Thompson. An exception of no cause or right of action was promptly filed by the defendant in this suit, predicated on LSA-' C.C. arts. 2109-2111, which declare a debt cannot be divided by the creditor and partially assigned without the debtor’s consent so as to subject a debtor to separate actions. This exception was sustained by the district court. The judgment was reviewed by the court as hereinabove referred to.
In argument counsel for appellant renews the contention raised as to the application of LSA-C.C. arts. 2109-2111, (now foreclosed from further consideration by our former decree) and assigns error to the judgment appealed, in that: (1) The evidence does not sustain plaintiff’s assertion that he was employed as an attorney; (2) It is not established attorney’s fees accrued; (3) In any event, judgment should not be in excess of $450.00 because of remission by plaintiff; and (4) The court should not have allowed parol evidence to prove the obligation of the defendant by virtue of LSA-R.S. 13 :3722.
The first three contentions are not borne out by the record. The plaintiff, an active attorney, unquestionably had full authority to act in his capacity as a lawyer *40 in enforcing the rights of the parties he represented. His own testimony is substantiated by that of Mrs. Lucky I. Thorsell and by the written act of assignment. Counsel next argues the agreement to accept monthly payments after the rent had been accelerated prevented the accrual of attorney’s fees, or, at least, had the effect of waiving the same. Cited as authority for his position, are: Canal Realty & Improvement Company, Inc. v. Pailet, 1950, 217 La. 376, 46 So.2d 303, and Arms v. Rodriguez, 1957, 232 La. 951, 95 So.2d 616. The contention possibly would have some merit under the cases cited if the lessors had attempted a cancellation of the lease, but we are not so concerned here. The acceleration of the monthly payments of rental were effective from the notification given in plaintiff’s letter of October 3, 1955. At the same time attorney’s fees based thereon became due and exigible. Thereafter plaintiff modified the option he had exercised to accelerate the rent for the balance of the term, but the accrued attorney’s fees were not remitted. There is no evidence whatsoever the attorney agreed to forego payment of the attorney’s fees. The language of a decision of this court, Newman v. O. K. Industrial Life Insurance Company, La.App., 1932, 142 So. 791, 794, is apropos:
“It is clear that plaintiff did not accept payment of past-due rent after maturity date, without strenuously protesting and objecting.
“The courts have held that, where a lessor month after month, without objection or protest, accepts the rental a few days after maturity of the notes, he cannot, without previous notice to his tenant, claim forfeiture of the lease or the benefit of the acceleration clause in the lease. The basis of this ruling is that the lessor must not by his actions lull the lessee into a state of thinking he is secure, for the purpose of taking advantage of him. The punctuality required of the lessee in the payment of his rent has been designed solely for the protection of the lessor, and cannot be allowed to be converted in his hands into a means of entrapping and oppressing the lessee.
“The principle is sound, but the facts in this case relieve plaintiff from the application of that rule. Plaintiff not only objected to the late payments of the note by defendant, but constantly reminded defendant that he expected him to pay on the date of maturity, and also notified defendant exactly when the maturity date was, and urged his promptness in making his payments at maturity. Defendant was regularly reminded by plaintiff of the accelerating clause in the lease, and threatened to take advantage of it.
“Plaintiff is entitled to the advantage of the accelerating clause, and, when defendant failed to pay the rent note maturing November 1, 1931, after notice from plaintiff that he expected prompt payment, under the accelerating clause in the lease the remaining fourteen notes became due and exigible.”
It is further urged that plaintiff voluntarily agreed to reduce his fees to $450 and he should not be permitted to recover in excess of said amount. It is made clear the reduction in fee was conditioned upon certain factors and when Rush failed to comply with the conditions so imposed, the proposition so made never ripened into an obligation binding upon the plaintiff.
The most interesting assignment of error is that the judgment under review is based on parol evidence which should have been ruled incompetent and inadmissible under the provisions of LSA-R.S. 13:3722, which reads:
“Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve months after the death of the deceased, unless it consists of the testimony of at *41 least one credible witness of good moral character, besides the plaintiff, or unless it be to corroborate a written acknowledgment or a promise to pay, signed by the debtor.”
 Pertinent hereto are certain facts which disclose plaintiff instituted suit on the subject claim on February 14, 1956, during the lifetime of the debtor. The case was dismissed as of nonsuit and this action was filed within a few months after the death of the deceased. Judicial interpretation of the statute requires evidence of the debt of a party deceased where suit is brought within twelve months of the death of the deceased to consist of the testimony of at least one credible witness of good moral character, besides that of the plaintiff. But appellee says the rule is without application where suit upon the debt was brought during the lifetime of the debtor, and the claim is, therefore, provable in the manner and form required for the proof of obligations in gen-' eral. The following authorities support the contention: Hava v. Cafiero, 1925, 157 La. 1007, 103 So. 294; Succession of Williams, 1925, 159 La. 814, 106 So. 314; Cappell v. Grant, La.App., 1938, 178 So. 629. The first suit instituted by plaintiff for collection of his attorney’s fees was filed during the. lifetime of John P. Rush, and is basically the same cause of action as the present case. But, notwithstanding the reasons heretofore set out, a fortiori, plaintiff established his claim and complied with the requirement of the statute by offering corroborating testimony, including that of Mrs. Lucy Isabell Thorsell, by producing the act of assignment as signed by Esther T. Wakeman, Sarah R. Keller and Lucy Isabell Thorsell, and correspondence with the deceased. This type of corroboration has been recognized where the provisions of LSA-R.S. 13:3722 have been invoked. Succession of Berthelot, La.App., 1946, 24 So.2d 185; Peltier v. Thibodaux, 1932, 175 La. 1026, 144 So. 903; Succession of Gesselly, 1950, 216 La. 731, 44 So.2d 838.
We are convinced plaintiff has established the validity of his claim and is entitled to have the judgment,affirmed at appellant’s cost.
Affirmed.
HARDY, Judge, dissents, adhering to his reasons as expressed upon consideration of the exception; cf. dissenting opinion in Staples v. Rush, La.App., 99 So.2d 502.